

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street*  *(973) 645-2700*
*Newark, New Jersey  07102*

JF/EL
2020R00572

June 14, 2021

Wanda M. Akin, Esq.
One Gateway Center
Suite 2600
Newark, NJ 07102

Crim. No. 21-724 (SDW)

Re:  Plea Agreement with Janel Blackman

Dear Ms. Akin,

    This letter sets forth the plea agreement between your client, Janel Blackman ("Blackman"), and the United States Attorney for the District of New Jersey ("this Office").  This Office's offer to enter into this plea agreement will expire on June 21, 2021, if a signed copy is not received by this Office on or before that date.

Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Blackman to a two-Count Information charging Blackman with one count of conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349, and one count of making false statements and reports for the purpose influencing the action of the Small Business Administration, in violation of 18 U.S.C. § 1014.  If Blackman enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Blackman for:  (1) conspiring from in or about February 2019 to in or about May 2020 to steal checkbooks from the United States mail and provide them to her co-conspirators for the purpose of making fraudulent deposits online and at automated teller machines throughout New Jersey; or (2) for on or about July 2, 2020, October 25, 2020, and February 21, 2021, respectively, filing false and fraudulent applications with the Small Business Administration for COVID-19 Economic Injury Disaster Loans.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does

not remain in full force and effect, Blackman agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Blackman may be commenced against her, notwithstanding the expiration of the limitations period after Blackman signs the agreement.

Sentencing

The violations of 18 U.S.C. § 1349 and 18 U.S.C. § 1014 to which Blackman agrees to plead guilty each carry a statutory maximum penalty of 30 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $1 million, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Blackman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Blackman ultimately will receive.

Further, in addition to imposing any other penalty on Blackman, the sentencing judge: (1) will order Blackman to pay an assessment of $100 (per count) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Blackman to pay restitution pursuant to 18 U.S.C. § 3663A; (3) must order forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A); and (4) pursuant to 18 U.S.C. § 3583, may require Blackman to serve a term of supervised release of not more than five years for each count, which will begin at the expiration of any term of imprisonment imposed. Should Blackman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Blackman may be sentenced to not more than three years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Blackman by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Blackman's activities and relevant conduct with respect to this case.

Stipulations

This Office and Blackman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Blackman from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Blackman waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

Blackman agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme or pattern of criminal activity underlying those offenses, to the victims of the offenses to which Blackman agrees to plead guilty in the amount to be determined at sentencing.

Forfeiture

As part of her acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(2), Blackman agrees to forfeit to the United States any property constituting, or derived from, proceeds Blackman obtained directly or indirectly, as the result of the violations charged in the Information. Blackman further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by Blackman (the "Money Judgment"). Blackman consents to the entry of an order requiring Blackman to pay the Money Judgment, in an amount to be agreed upon by the parties by the date of sentencing in this case, in the manner described below (the "Order"), and that the Order will be final as to Blackman prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. In the event the Office and Blackman fail to reach an agreement on the Money Judgment prior to sentencing, Blackman agrees that the amount of the Money Judgment will be determined by the Court at the time of sentencing, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Blackman acknowledges that the Money Judgment is subject to forfeiture as property constituting, or derived from, proceeds Blackman obtained directly or indirectly, as the result of the violations charged in the Information.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Blackman's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. If not paying at or before plea: Blackman further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Blackman waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Blackman understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Blackman waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Blackman's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Blackman further agrees that not later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Blackman fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that she has intentionally failed to disclose assets on her Financial Disclosure Statement, Blackman agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Blackman understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Blackman understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Blackman wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Blackman understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Blackman waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Blackman. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Blackman.

No provision of this agreement shall preclude Blackman from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Blackman received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Blackman and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: JONATHAN FAYER
ELAINE K. LOU
Assistant U.S. Attorneys

APPROVED:

COURTNEY A. HOWARD
Chief, Economic Crimes Unit
U.S. Attorney's Office for the District of New Jersey

I have received this letter from my attorney, Wanda Akin, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7/12/2021
JANEL BLACKMAN

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 7/16/2021
WANDA M. AKIN, ESQ.

- 7 -

<u>Plea Agreement With Janel Blackman</u>

<u>Schedule A</u>

1. The United States Attorney for the District of New Jersey ("this Office") and Janel Blackman ("Blackman") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Blackman nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Blackman within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Blackman further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

<u>Count One</u>

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline for Count One is U.S.S.G. § 2B1.1(a)(1), which specifies a Base Offense Level of 7.

4. Because the aggregate loss reasonably foreseeable to Blackman resulting from the offense charged in Count One was more than $250,000, but not more than $550,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(F), this results in an increase of 12 levels.

5. Because the offense charged in Count One involved 10 or more victims, this results in an increase of two levels. See U.S.S.G. § 2B1.1(b)(2)(A)(i).

6. A two-level increase applies because Blackman abused a position of public trust in a manner that significantly facilitated the commission of the offense charged in Count One. See U.S.S.G. § 3B1.3.

7. No other specific offense characteristics apply for Count One.

8. The adjusted offense level for Count One is 23.

<u>Count Two</u>

9. The applicable guideline for Count Two is U.S.S.G. § 2B1.1(a)(1), which specifies a Base Offense Level of 7.

10. For purposes of the Guidelines calculation for Count Two, the loss involved in Count Two was less than $6,500, so there is no increase in the offense level for Count Two. See U.S.S.G. § 2B1.1(b)(1)(A).

11. No other specific offense characteristics apply for Count Two.

12. The adjusted offense level for Count Two is 7.

Grouping

13. Counts One and Two do not group together. Because the adjusted offense level for Count Two is 14 levels less serious than the adjusted offense level for Count One, Count Two is disregarded for purposes of determining the total combined offense level and does not increase the applicable offense level. See U.S.S.G. § 3D1.4(c).

14. The total combined offense level for Counts One and Two is 23.

15. As of the date of this letter, Blackman has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if her acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

16. As of the date of this letter, Blackman has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Blackman's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Blackman enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Blackman's acceptance of responsibility has continued through the date of sentencing and Blackman therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Blackman's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

17. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Blackman is 20 (the "agreed total Guidelines offense level").

18. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 20 is reasonable.

19. Blackman knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, a motion under 28 U.S.C. § 2255, or a motion under 18 U.S.C. § 3582(c) or 18 U.S.C. § 3583(e), which challenges or seeks to modify the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 20. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 20. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

20. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.